## Smedley v. Montgomery Construction Co.

*John R. Graham,* for plaintiff.

*Frank M. Jakobowski,* for defendant.

DIGGINS, J., November 2, 1956.—This matter comes on defendant's appeal from the report and award of board of arbitration. We are not concerned with the merits of the controversy; sufficient to say that the arbitrators awarded plaintiff the sum of $800 and filed their report on June 4, 1956.

On June 19, 1956, defendant filed an appeal from the report and award of the arbitrators, accompanied by a proper affidavit and approved bond. He did not, however, on this date, pay the costs nor reimburse the court for arbitrators' fees. However, on June 28, 1956, the docket entries show the county was reimbursed for the arbitrators' fees but there is no record of the costs having been paid.

On July 11, 1956, plaintiff filed a motion to quash the appeal, alleging that the failure to pay the costs, including reimbursement of the arbitrators' fees within the statutory time allowed for such appeals, to wit, 20 days, barred the appeal. To this petition and motion to quash, defendant filed an answer in which he alleged that the reason the costs were not paid at the time the appeal was filed, to wit, June 19, 1956, which was five days before the statute ran, was that although defendant's attorney was prepared and offered to pay the costs of appeal and to reimburse the county for the arbitrators' fees in the sum of $75 as required, the deputy prothonotary on duty informed defendant's attorney that he would be billed for these items and could pay them when the bill was rendered, which practice defendant's attorney was informed was customary in the office of the prothonotary, and that subsequent thereto, and so far as defendant's attorney knew pursuant thereto, he was notified on June 27, 1956, to pay these items which he proceeded to do on June 28, 1956.

We think that a strict conformity with the law and the rules of court would require that these items be paid at the time the appeal was taken and necessarily within the statutory period for taking the appeal, and that technically counsel for plaintiff is right, but we think that, in the premises, the court also has a right to correct this record by amendment. Normally we would certainly hesitate, if not refuse relief to appellant in such premises, but the procedure under this arbitration act is comparatively new, and the cooperation afforded by the bar to the court in the introduction and expansion of this most helpful innovation has been such that the court should not penalize a lawyer for an honest mistake, particularly where the suggestion which led to the error was made, albeit wrongly, by a deputy of an officer of the court, and therefore we are moved to exercise our discretion and to adopt the view that since the prothonotary's docket shows that the appeal was filed within the statutory period, we will direct that the record be supplemented to show compliance with the act relative to the payment of costs, etc., nunc pro tunc as of June 19, 1956, the date when the appeal was filed.

We assume that hereafter the prothonotary will not accept appeals without seeing to it that all of the requirements set out in the act of assembly and the rules of court are complied with, and we call the attention of the prothonotary and the bar to the fact that some of the requirements relative to appeals are found in the Act of June 16, 1836, P. L. 715, sec. 27, 5 PS §71, to which act the present arbitration act is merely an amendment, and therefore make the following

### Order

And now, to wit, this November 2, 1956, it is ordered, adjudged and decreed that the motion to quash the appeal be and the same is hereby dismissed.